# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 25, 2011

141122 & (51)

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellant/
   Cross-Appellee,

v

NAYKIMA TINEE HILL,
   Defendant-Appellee/
   Cross-Appellant.

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 141122
COA: 290031
Saginaw CC: 07-028869-FC

_____/

On March 9, 2011, the Court heard oral argument on the application for leave to appeal the May 11, 2010 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant. On order of the Court, the applications are again considered. MCR 7.302(H)(1). In lieu of granting leave to appeal, we AFFIRM the judgment of the Court of Appeals in part. Trooper Escott was not required to be qualified pursuant to MRE 702 because he was not testifying as an expert witness. Rather, he simply testified to the underlying facts and his personal observations concerning his use of a trained dog in the course of a criminal investigation. He did not interpret or extrapolate from those facts or personal observations.

We REVERSE the judgment of the Court of Appeals in part because the admission of Jacqueline Sistrunk's out-of-court statement that she saw defendant wearing "a brown-hooded coat with fur around it," was harmless error because it is clear beyond a reasonable doubt that the jury verdict would have been the same absent this error. *People v Shepherd*, 472 Mich 343, 348 (2005). The prosecutor presented eyewitness identification testimony of the three victims who each independently identified defendant as their assailant. Such identification testimony was clear and unambiguous, and occurred after each victim had a full and sustained opportunity to observe defendant during their 25 to 30 minute ordeal. In addition, each victim identified the coat that was the subject of Sistrunk's out-of-court statement as the one worn by defendant during the attack. Therefore, even absent Sistrunk's out-of-court statement, the victims were able to connect the coat worn by their assailant to defendant. Further, two of the victims identified the knife that was found in the pocket of the coat as the knife that was taken

from their home and wielded by defendant during the attack. Accordingly, due to this substantial identification evidence, any error in the admission of Sistrunk's statement was harmless beyond a reasonable doubt. We REMAND this case to the Saginaw Circuit Court for reinstatement of defendant's conviction and sentence. In all other respects, leave to appeal is DENIED because we are not persuaded that the remaining questions presented should be reviewed by this Court.

MARILYN KELLY, J. (*concurring in part and dissenting in part*).

I concur in the part of the order affirming the Court of Appeals decision that Trooper Escott was not required to be qualified as an expert pursuant to MRE 702. However, I disagree with the majority's reversal of the Court of Appeals decision to remand the case for a new trial. In my view, allowing the police officer to testify to Sistrunk's out-of-court statement was not harmless beyond a reasonable doubt. It is not clear that the jury verdict would have been the same absent this error.[1]

Sistrunk told police that defendant was wearing "a brown-hooded coat with fur around it." The majority opines that this statement was harmless in light of the three eyewitnesses who "independently identified defendant as their assailant." However, a careful review of the evidence reveals a less than airtight circumstantial case, and without this statement, the jury could have come to a different conclusion.

Without Sistrunk's statement, the prosecution's case consisted primarily of: 1) the victims' identification of defendant, 2) the fact that the dog followed a scent from the victims' house to the house where defendant was arrested, and 3) the fact that the shoes defendant was wearing when arrested matched footprints found at the victims' house. None of this evidence is particularly compelling on its own or without Sistrunk's statement.

First, although all three victims did positively identify defendant, the circumstances of that identification were very suggestive. The police presented defendant to the victims at their home a few hours after the crime while she was seated in the back of a police car. Before this, the only characteristics the victims had been able to provide police was that the assailant was an African-American female with bloodshot eyes.

All three testified that they did not see her hair, did not know what shade her complexion was, and that the assailant had worn a hooded coat through the entire attack. The hood covered her forehead reaching her eyebrows. The certainty of the statements is diminished by the circumstances of the identification. As the Court of Appeals stated, "it

---

[1] *People v Shepherd*, 472 Mich 343, 348 (2005).

is possible that the jury might have still credited the victims' testimony. But it is also possible that the discrepancy would have led the jury to believe that the victims made a mistake in identifying defendant."[2]

Second, a dog tracked a scent from the victims' home to the Porter Street house and then to the Bond Street house where defendant was arrested. Officers searched the Porter Street house the day of the attack and found nothing connecting defendant with the crime. Curiously, the homeowner reported finding a coat with a knife in the pocket in the closet of the house the next day and brought them to the police. While it is possible that the police missed them, the coat was the main identifying characteristic of the attacker.

In addition, despite the fact that the dog and defendant were together in the front yard of the Bond Street house, the dog never identified defendant as the source of the scent. In fact, Trooper Escott testified that he "went to that front yard to assist the officer dealing with this female." He further stated that Enzo lost the scent at the Bond Street house and was unable to pick it up again. The tracking dog was "right there" near defendant and lost the scent.

Third, to the extent it is persuasive, defendant denied that the shoes she was wearing at the time of the arrest belonged to her. She further contended that the shoes did not fit her, and she put them on only because the police ordered her to do so.

Finally, the Court's order greatly overstates the connection between defendant and that coat and knife found at the Porter Street house. There were two brown coats with fur around the hood. One was found at the Bond Street house on the day of the crime, and the other showed up at the Porter Street house the next day, after the initial search. The coat found at the Bond Street house belonged to Sistrunk's boyfriend. It was brown leather with fur around the hood. Sistrunk admitted that she wore it sometimes. In addition, Sistrunk's boyfriend and some other friends had traveled between the Bond Street and the Porter Street houses the evening before the crime.

Further clouding the accuracy of the identification of the coat is the fact that the victims' initial statements varied. It was only the in-trial identification of the coat that matched. Their initial statements to the police focused primarily on the coat rather than on any of the assailant's features, and their descriptions of the coat varied from a coat with no mention of color to an olive green coat. In fact, the victim in the best position to view the assailant described the coat as a brown leather coat with fur around the hood. This description fits the coat discovered at the Bond Street house. In addition, no other witness could testify to ever having seen defendant wearing a coat matching that

---

[2] *People v Hill*, unpublished opinion per curiam of the Court of Appeals, issued May 11, 2010 (Docket No. 290031).

description. This also severely undercuts defendant's connection to the knife found in the pocket of the coat from the Porter Street house.

It is worth pointing out again that the standard of review for finding a constitutional error harmless is that it must be "clear beyond a reasonable doubt, that the jury verdict would have been the same absent the error."[3] The coat was the crucial characteristic of the identification. This was the linchpin of the prosecution's case, and Sistrunk's statement was the crucial piece of evidence that connected all the dots.

While there certainly is evidence that implicates defendant and suggests she committed the crime, I cannot conclude that this high standard has been met, given the significance of Sistrunk's statement. Therefore, I dissent from that part of the Court's order and would affirm the Court of Appeals decision to reverse defendant's conviction and remand the case for a new trial.

---

[3] *Neder v United States*, 527 US 1, 19 (1999).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 25, 2011

t0421

Clerk